IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY WAYNE LANIER,
    Petitioner,

v.                                     Case No. 3:13cv37/MCR/CJK

ANTHONY PATTERSON, et al.,
    Respondents.
_____

## REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's habeas corpus petition (doc. 1) filed under 28 U.S.C. § 2254, and petitioner's response (doc. 5) to the Court's order requiring him to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition should be dismissed for lack of jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an Alabama state prisoner currently incarcerated at Holman Prison in Atmore, Alabama. (Doc. 1, p. 1). Petitioner is challenging a 1994 judgment of conviction and sentence for Resisting Arrest with Violence, entered in the Circuit Court for Escambia County, Florida, Case Number 94-1016. (*Id*., p. 1). Petitioner was sentenced on June 28, 1994, to "4 months time served". (*Id*.). Petitioner is

Page 2 of 7


challenging the Florida conviction on the grounds that the State violated the plea agreement; the plea agreement was illegal; law enforcement used excessive force in arresting petitioner; and petitioner was coerced into waiving his *Miranda* rights. (*Id.*, pp. 4-5). Petitioner indicates that he is presently in custody under a 1995 judgment of conviction for robbery and kidnapping entered by the Circuit Court for Baldwin County, Alabama. (*Id.*). Petitioner states that he previously filed two § 2254 petitions challenging the validity of his Alabama judgment. (*Id.*, p. 3). Both petitions were filed in the United States District Court for the Southern District of Alabama. (*Id.*). Petitioner's first § 2254 petition was dismissed as time barred, *Lanier v. Jones*, Case No. 1:99cv955, and petitioner's second § 2254 petition was dismissed as an unauthorized "second or successive" petition, *Lanier v. Culliver*, Case No. 1:06cv00438.

On January 28, 2013, this Court issued an order requiring petitioner to show cause why this case should not be dismissed for lack of jurisdiction. (Doc. 4). Petitioner's response, discussed below, followed. (Doc. 5).

## DISCUSSION

A federal district court may entertain a petition for habeas corpus relief filed by a person "<u>in custody</u> pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is <u>in custody</u> in violation of the Constitution or law or treaties of the United States") (emphasis added). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody"

requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (per curiam). Although federal courts broadly construe the phrase "in custody," the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. *See Maleng*, 490 U.S. at 492, 109 S. Ct. at 1926. In *Maleng*, the Supreme Court held that "a habeas petitioner [is not] 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time the petition in filed." 490 U.S. at 491; 109 S. Ct. at 1925. A habeas petitioner can, however, satisfy the "in custody" requirement if he is presently serving a sentence that was enhanced by the prior expired conviction. *Maleng*, 490 U.S. at 493-94; *see also Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02, 121 S. Ct. 1567, 1572-73, 149 L. Ed. 2d 608 (2001). In other words, if the habeas petitioner is in custody under a sentence that was actually enhanced by the allegedly invalid expired conviction, the § 2254 petition can be construed as asserting a challenge to the present sentence as enhanced by the expired conviction, and the petitioner will be deemed to satisfy the "in custody" requirement for federal habeas jurisdiction.

Here, it is apparent from the face of petitioner's § 2254 petition that petitioner's Florida state sentence had fully expired at the time he filed this action. (Doc. 1, p. 1; *see also* Doc. 5, p. 1 ¶ 1). Petitioner's § 2254 petition cannot be read as asserting a challenge to the 1995 Alabama sentences for robbery and kidnapping, because petitioner does not suggest, much less establish, that those sentences were enhanced by his Florida conviction. (*See* Doc. 5). To the contrary, petitioner concedes that

"[i]t is not that the Alabama case was enhanced by the Florida case . . ." (doc. 5, p. 14). Petitioner argues instead that he should be considered "in custody" on the expired Florida conviction because evidence obtained in Florida was later used to convict him of the Alabama crimes (*i.e.*, the Alabama case "was an extension of" petitioner's prosecution in Florida). (Doc. 5, p. 14; *see also id.*, pp. 1-14) (describing that Escambia County, Florida sheriff's deputies testified at petitioner's Alabama trial, that a *Miranda* waiver petitioner executed in Florida was used by the State of Alabama, etc.).[1]  Petitioner's argument does not provide a legally-recognized basis to hold that petitioner satisfies the "in custody" requirement. *See Lackawanna*, 532 U.S. at 406, 121 S. Ct. at 1575 ("Whatever such a petitioner must show to be eligible for review [of the expired conviction], the challenged prior conviction <u>must have adversely affected the sentence that is the subject of the habeas petition</u>.") (emphasis added); *see also, e.g., Williams v. McDonough*, No. 6:06cv1650, 2007 WL 2010812, at *1 n. 1 (M.D. Fla. 2007) ("The fact that evidence seized during the arrest that precipitated [the habeas petitioner's] expired sentence was later used to convict him of the crimes for which he is currently serving a state sentence is to no avail. It is clear that Petitioner is seeking habeas relief for a period of confinement that has been fully served."). Further, the fact that petitioner's Florida sentence was fully served on the day it was imposed and petitioner did not have an opportunity to challenge that conviction through habeas corpus does not bring petitioner within the "in custody" requirement, or allow this Court to exercise jurisdiction. *See, e.g., Reilly v. Campbell*, No. 4:10cv310/SPM/GRJ, 2011 WL 4031131 (N.D. Fla. Aug. 5, 2011) (dismissing

---

[1] Petitioner's convictions in Alabama arose from petitioner robbing and kidnapping the driver of a car in Alabama. Petitioner then drove the car to Florida where he was apprehended by Escambia County, Florida sheriff's deputies. (Doc. 5, pp. 6-14).

§2254 petition for lack of jurisdiction for petitioner's failure to satisfy the "in custody" requirement where the record demonstrated the petitioner's sentence to time-served had expired at the time the petition was filed), *Report and Recommendation adopted*, 2011 WL 4031130 (N.D. Fla. Sept. 12, 2011).

Even assuming for purposes of argument that petitioner established that his current Alabama sentences were enhanced based on the allegedly unconstitutional expired Florida conviction, this Court could not construe the petition as a challenge to the Alabama sentences, because the petition would be an unauthorized "second or successive" habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). Petitioner does assert in his response to the Court's show cause order that he obtained the requisite Eleventh Circuit authorization for this Court (or an Alabama federal court) to entertain a § 2254 petition directed at petitioner's Alabama state convictions.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed,

*Case No: 3:13cv37/MCRCJK*

even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's habeas corpus petition (doc. 1) be DISMISSED for lack of subject-matter jurisdiction.

2. That the Clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of February, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).